**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-4534

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOSHUA BAILEY,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville.  Richard E. Myers, II, Chief District Judge.  (4:20-cr-00071-M-4)

Submitted:  April 11, 2024                          Decided:  April 15, 2024

Before AGEE and QUATTLEBAUM, Circuit Judges, and FLOYD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  J. Edward Yeager, Jr., Cornelius, North Carolina, for Appellant.  Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joshua Bailey appeals the 250-month sentence imposed following his guilty plea to armed bank robbery and aiding and abetting, in violation of 18 U.S.C. §§ 2, 2113(a), (d), and two counts of brandishing a firearm during and in relation to a crime of violence and aiding and abetting, in violation of 18 U.S.C. §§ 2, 924(c)(1)(A)(ii).  On appeal, Bailey argues his attorney rendered ineffective assistance at sentencing by failing to raise for the district court's consideration Amendment 821 to the Sentencing Guidelines.

We review de novo an ineffective assistance of counsel claim that is made on direct appeal but "will reverse only if it conclusively appears in the . . . record itself that the defendant was not provided effective representation."  *United States v. Freeman*, 24 F.4th 320, 326 (4th Cir. 2022) (en banc) (cleaned up).  The current record does not permit such a finding.  Accordingly, Bailey should bring this claim, if at all, in a 28 U.S.C. § 2255 motion to permit sufficient development of the record.  *United States v. Jordan*, 952 F.3d 160, 163 n.1 (4th Cir. 2020).[*]

We therefore affirm the criminal judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[*] We note, however, that because Amendment 821 is now in effect and is applicable retroactively, Bailey can seek its benefit by moving for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2).

2